UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVISHA AARON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02475-X |
| | § | |
| CHURCH MUTUAL INSURANCE | § | |
| COMPANY and GOVERNMENT | § | |
| EMPLOYEES INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendants.* | | |

**MEMORANDUM OPINION AND ORDER**

This case arises from injuries sustained by the plaintiff, Davisha Aaron, as a result of a vehicle collision which involved an uninsured motorist. Aaron moved for leave to amend her complaint to add the adjuster handling her claim, Susan Riebe, and to add claims for unfair settlement practices and insurance code violations. [Doc. No. 33]. At the time of the motion, trial was imminent, but the Court later vacated the trial setting. Church Mutual Insurance Company (Church Mutual) opposes the motion for leave to amend the complaint and add additional claims. After careful consideration, and as explained below, the Court **DENIES** Aaron's motion.

**I. Factual Background**

The vehicle accident giving rise to this case occurred in January 2019. Aaron was driving a school bus when an uninsured driver allegedly made an abrupt lane change, colliding with a third driver who ultimately struck Aaron's school bus,

1

causing it to overturn. Aaron filed for uninsured motorist coverage with both her personal insurance and the school's insurance. While Aaron successfully settled the claim with her personal insurance company, Church Mutual refused to tender an offer over $5,000 until it is proven that the uninsured motorist bears responsibility for the accident.

## II. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[1] In other words, before a court can modify a scheduling order and grant leave to amend a pleading under Federal Rule of Civil Procedure 15(a), the movant must first show good cause for failure to meet the scheduling order deadline under Rule 16(b).[2] The Court looks to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[3]

## III. Analysis

As a threshold matter, the Court notes that when Aaron filed this motion, trial was fast approaching. The Court vacated the original trial date, and the case is now set for December 2021.

---

[1] FED. R. CIV. P. 16(b)(4).

[2] *Equal Emp. Opportunity Comm'n v. Shepherd*, No. 17-CV-2569, 2019 WL 1493162, at *1 (N.D. Tex. Apr. 4, 2019) (Lindsay, J.).

[3] *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

Aaron argues that this Court should grant leave to amend because: (1) "settlement was not ripe" until after the deadline to amend and (2) the amendment is important because it allows her to add a new defendant and new claims.[4] She acknowledges, however, that amendment could prejudice the defendants. .Aaron suggests that a continuance would cure that prejudice.

Church Mutual argues that Aaron's motion is untimely and fails to establish good cause. Aaron moved for leave to amend more than a year after the deadline to do so—after the close of discovery, after mediation, and after the summary judgment deadline. Aaron argues that because she was still undergoing treatment for her injuries, settlement was not ripe until after the deadline for leave to amend. The Court interprets Aaron's assertion that "settlement was not ripe," to mean that she did not have the necessary information to amend before the deadline.

But the Court finds this argument unavailing. Aaron waited more than a *year* after the deadline to ask this Court for leave. If she knew that she did not have the necessary information, she should have asked the Court to modify the scheduling order. She did not. As a result, the Court finds that Aaron's explanation for failure to timely move for leave does not demonstrate good cause, and it **DENIES** Aaron's motion.

### VI. Conclusion

For the foregoing reasons, the Court **DENIES** Aaron's motion for leave.

---

[4] Doc. No. 35 at 2.

3

**IT IS SO ORDERED** this 4th day of October, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE